### GOODMAN v. HAMILTON (City) et

Ohio Appeals, 1st Dist., Butler Co.

No. 320. Decided May 17, 1926

801. MUNICIPAL LAW—An ordinance passed by council, initiated by petition, whereby a municipality enters into a contract with a company to furnish gas to the city and its inhabitants, is a legislative act.

CUSHING, J.

S. M. Goodman, a taxpayer instituted this action to enjoin the city of Hamilton from performing a contract which it entered into with the Hamilton Furnace Co., to furnish artificial gas to the city and its inhabitants.

It was claimed that the ordinance, proposed by initiated petition, authorizing the contract, is illegal, unconstitutional and void; it being urged that municipalities have no power by legislation, to make contracts and a contract with a gas company is made in the exercise of its administrative, not legislative capacity. The ordinance was submitted to the electors of the municipality at the election of Nov. 3, 1925 and was carried by a majority of votes cast.

The Court of Appeals in deciding the case, held:

1. Section 4211 GC. provides in part that the powers of council shall be legislative and it shall perform no administrative duties; and that after authority for entering into contracts has been given by council, it shall take no further action in the matter.

2. This section is the authority for council to authorize the director of public safety or public service to enter into contracts; and the people, by section 1 of Art. III of the Constitution have the right to initiate legislation that might be legislatively controlled by council.

3. Powers of municipalities are restricted under certain conditions by Sec. 5, Art. XVIII of the Ohio Constitution in that they must act by ordinance to operate, lease, own, etc., a public utility or to contract therefor, no such ordinance to be effective until 30 days from its passage. A suspension of the operation of the ordinance and a referendum is provided for in this section.

4. The important question then is whether or not the authorizing of a contract by council is a legislative act.

5. The U. S. Supreme Court held that the general assembly of a state had authority to make a contract and same was binding notwithstanding laws governing the general taxation of property were subsequently passed, and, which, if enforced would violate the terms of the contract. Such a contract was upheld.

6. Under the view that rate making was held to be a legislative function, whether exercised by the legislative or by a subordinate body, to which power has been delegated, such as a municipality, the court is constrained to hold that the ordinance here, initiated by petition, was a legislative act.

Prayer of Goodman denied.

Attorneys—Warren Gard for Goodman; L. J. Ziliox for City; Shotts & Millikin for Furnace Co.; all of Hamilton.